**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felix Lopez,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CV 06-2234-PHX-SMM (JRI)<br><br>**ORDER** |

Plaintiff Felix Lopez brought this *pro se* civil rights action against Defendant Joseph M. Arpaio. Thereafter, Defendant moved to dismiss the case for failure to exhaust administrative remedies (Doc. #20). The Court will grant Defendant's motion.

**I. Background**

Plaintiff filed 42 U.S.C. § 1983 action against Sheriff Joseph M. Arpaio alleging that his constitutional rights were violated by (1) an inadequate and tainted diet; (2) overcrowding; and (3) unsanitary conditions (Doc. #1). Defendant was ordered to answer the Complaint, and he subsequently moved to dismiss the action on the grounds that Plaintiff failed to exhaust his administrative remedies (Docs. ##3, 20). Thereafter, Plaintiff responded (Doc. #27).

**II. Legal Standard**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief

offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

**III. Analysis**

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final (Doc. #20, ex. A). The grievance policies do not restrict the type of issue or grievance content an inmate may submit (id.). During his incarceration, Plaintiff filed a single grievance related to a medical issue for an injured foot (id.).

Defendant has demonstrated the existence of a grievance system of which Plaintiff admittedly failed to avail himself. Plaintiff stated in his Complaint that he did not exhaust his administrative remedies, believing that his claims were not grievable (Doc. #1). Plaintiff further indicated a desire to oppose Defendant's Motion to Dismiss (Doc. #27). However, Plaintiff did not raise any arguments in opposition to Defendant's motion. Furthermore,

1  Plaintiff's statement in his Complaint that his claims were not grievable is insufficient to
2  overcome Defendant's evidence that the claims were in fact grievable. Further, Plaintiff has
3  not demonstrated that he was "reliably informed" that there were no available remedies.
4  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, Defendant's Motion
5  to Dismiss will be granted.

6      **IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss (Doc. #
7  20). Plaintiff's action is dismissed without prejudice for lack of exhaustion.

8      **IT IS FURTHER ORDERED GRANTING** that the Clerk of Court shall enter a
9  judgment of dismissal accordingly.

10      DATED this 31st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge